**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INNER CITY MEDIA CORPORATION, | ) | Case No. 11-13967 (SCC) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ICBC BROADCAST HOLDINGS, INC., | ) | Case No. 11-13968 (SCC) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| INNER CITY BROADCASTING CORPORATION OF BERKELEY, | ) | Case No. 11-13972 (SCC) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ICBC BROADCAST HOLDINGS – CA, INC., | ) | Case No. 11-13969 (SCC) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ICBC-NY, L.L.C., | ) | Case No. 11-13971 (SCC) |
| | ) | |
| Debtor, | ) | |
| | ) | |

| In re: | ) | Chapter 11 |
|---|---|---|
| URBAN RADIO, L.L.C., | ) | Case No. 11-13979 (SCC) |
| Debtor, | ) | |
| In re: | ) | Chapter 11 |
| URBAN RADIO I, L.L.C., | ) | Case No. 11-13973 (SCC) |
| Debtor, | ) | |
| In re: | ) | Chapter 11 |
| URBAN RADIO II, L.L.C., | ) | Case No. 11-13974 (SCC) |
| Debtor, | ) | |
| In re: | ) | Chapter 11 |
| URBAN RADIO III, L.L.C., | ) | Case No. 11-13975 (SCC) |
| Debtor, | ) | |
| In re: | ) | Chapter 11 |
| URBAN RADIO IV, L.L.C., | ) | Case No. 11-13976 (SCC) |
| Debtor, | ) | |
| In re: | ) | Chapter 11 |
| URBAN RADIO OF MISSISSIPPI, L.L.C., | ) | Case No. 11-13977 (SCC) |
| Debtor, | ) | |

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| URBAN RADIO OF SOUTH CAROLINA, L.L.C., | ) | Case No. 11-13978 (SCC) |
| | ) | |
| Debtor, | ) | |
| | ) | |

**ORDER GRANTING DEBTORS' MOTION DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon the motion (the "***Motion***")[1] of Inner City Media Corporation ("***ICBC Media***") and its debtor affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"), for entry of an order (the "***Order***") pursuant to section 101(2) of the Bankruptcy Code and Bankruptcy Rule 1015(b) directing joint administration of the Debtors' related chapter 11 cases, all as more fully described in the Motion; and the Court having jurisdiction to consider this Motion and the relief requested therein in accordance with 28 U.S.C §§ 157 and 1334 and the Standing Order M-61 Referring Bankruptcy Judge for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon the Declaration of William C. Cooper Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Pleadings, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

3

and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The relief requested in the Motion is granted to the extent set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 11-13967 (SCC), the case number for Inner City Media Corporation.

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INNER CITY MEDIA CORPORATION, *et al.*, | ) | Case No. 11-13967 (SCC) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

4. A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Inner City Media Corporation, ICBC Broadcast Holdings, Inc., Inner City Broadcasting Corporation of Berkeley, ICBC Broadcast

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Inner City Media Corporation (5309), ICBC Broadcast Holdings, Inc. (2429), Inner City Broadcasting Corporation of Berkeley (5990), ICBC Broadcast Holdings – CA, Inc. (5311), ICBC-NY, L.L.C. (8879), Urban Radio, L.L.C. (6747), Urban Radio I, L.L.C. (2649), Urban Radio II, L.L.C. (2701), Urban Radio III, L.L.C. (2747), Urban Radio IV., L.L.C. (3662), Urban Radio of Mississippi, L.L.C. (1154), and Urban Radio of South Carolina, L.L.C. (5231). The principal corporate location of the Debtors is 3 Park Avenue, 40th Floor, New York, NY 10016. The service address for all of the Debtors is 3 Park Avenue, 40th Floor, New York, NY 10016.

4

101471825

Holdings – CA, Inc., ICBC-NY, L.L.C., Urban Radio, L.L.C., Urban Radio I, L.L.C., Urban Radio II, L.L.C, Urban Radio III, L.L.C., Urban Radio IV., L.L.C., Urban Radio of Mississippi, L.L.C., and Urban Radio of South Carolina, L.L.C. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 11-13967 (SCC).

5. One consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the United States Bankruptcy Court for the Southern District of New York.

6. The Debtors are authorized to file a consolidated monthly operating report in a manner acceptable to the United States Trustee, but shall track and break-out disbursements on a debtor-by-debtor basis.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' chapter 11 cases.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") are satisfied by such notice.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The requirement set forth in Local Rule 9013-1(b) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

12. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: September 9, 2011  
New York, New York

          */s/ Shelley C. Chapman*  
          THE HONORABLE SHELLEY C. CHAPMAN  
          UNITED STATES BANKRUPTCY JUDGE

101471825